1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CUONG TRAN,

11              Plaintiff,                     No. 2:11-cv-01494 MCE KJN P

12         vs.

13    DEEPAK METHA, M.D.,
      AND JACK McANINCH, M.D.,
14
                Defendants.                    ORDER
15
      _____/
16

17              On October 26, 2012, this court directed counsel for defendant Mehta to show

18    cause for untimely filing a motion to dismiss.  (See Dkt. No. 21.)  Counsel timely responded and

19    explained that, based on the language of the Discovery and Scheduling Order filed in this action,

20    and counsel's past experience in this court, she had construed the deadline for filing dispositive

21    motions to include motions filed pursuant to Rule 12(b), Federal Rules of Civil Procedure.  For

22    the reasons that follow, the order to show cause is discharged, the Discovery and Scheduling

23    Order is vacated, and plaintiff is directed to file an opposition to defendant Mehta's motion to

24    dismiss.

25              A motion to dismiss a defendant or claim from a prisoner's civil rights complaint,

26    for failure to exhaust administrative remedies, is properly made as an "unenumerated Rule 12(b)

                                              1

1    motion." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  Failure to exhaust

2    administrative remedies is an affirmative defense that must be raised and proven by defendants.

3    Id. at 1119.  In deciding a motion to dismiss for failure to exhaust administrative remedies, the

4    court may look beyond the pleadings and decide disputed issues of fact, without converting the

5    motion to one for summary judgment.  Id. at 1119–20; see also Albino v. Baca, 2012 WL

6    4215918, *3-4 (9th Cir. Sept. 21, 2012).  If the Court concludes that the prisoner has failed to

7    exhaust his administrative remedies, the proper remedy is dismissal without prejudice.  Wyatt,

8    315 F.3d at 1120.

9             Rule 12(b) expressly provides that a motion premised on any of the defenses

10   enumerated therein must be made prior to the filing of a responsive pleading.  See e.g. Bechtel v.

11   Liberty Nat'l Bank, 534 F.2d 1335, 1340-41 (9th Cir. 1976) (relying on language of Rule 12(b)

12   that "[a] motion asserting any of these [enumerated] defenses must be made before pleading if a

13   responsive pleading is allowed."); Augustine v. United States, 704 F.2d 1074, 1075 n.3 (9th Cir.

14   1983).  As a general rule, an unenumerated 12(b) motion must also be filed prior to an answer

15   and, if filed after a responsive pleading, is deemed untimely.  See e.g. Ritza v. International

16   Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (citing

17   5 C. Wright & A. Miller, Federal Practice and Procedure § 1360 at 642 (1969)).  However, there

18   is some conflict in the district courts within this circuit whether an untimely unenumerated Rule

19   12(b) motion, premised on a prisoner's failure to exhaust administrative remedies, should be

20   denied simply because it was untimely filed.  The weight of authority supports dismissal of an

21   untimely unenumerated Rule 12(b) motion in a prisoner case.  See, e.g., Thomas v. Baca,

22   2003 WL 504755, *1-2 (C.D. Cal. 2003) (motion to dismiss denied as untimely filed); accord

23   Anaya v. Campbell, 2011 WL 4458769, *11 (E.D. Cal. 2011) (denying motion as untimely

24   despite noting that there are "conflicting decisions at the district court level within this circuit"

25   ////

26   ////

concerning the appropriateness of denying an untimely-filed unenumerated Rule 12(b) motion);[1]
Wilson v. Baker, 2010 WL 2555209, *6-7 (E.D. Cal. 2010) (same); Charity v. Carroll, 2009 WL
2425712, * 3 (E.D. Cal. 2009) (same); Reed v. Williams, 2009 WL 737009, *4-5  (E.D. Cal.
2009) (same). The undersigned agrees with the reasoning of the magistrate judge in Anaya that
requiring an unenumerated Rule 12(b) motion to be filed prior to the filing of an answer, and
denying the motion as untimely if filed after the answer, "better promote[s] judicial efficiency
and economy while at the same time limiting unfair prejudice to a pro se prisoner plaintiff."
Anaya v. Campbell, 2011 WL 4458769 at *11.

Nevertheless, the undersigned acknowledges that the pertinent language of the
Discovery and Scheduling Order is ambiguous, underscored by a 2009 decision in the Fresno
Division of this court.  The Discovery and Scheduling Order routinely issued by this court in
prisoner cases, including the instant case, describes the dispositive motion deadline as the
deadline for "[a]ll pretrial motions, except motions to compel discovery."  (See Dkt. No. 18 at 6,
¶ 7.)  Because a Discovery and Scheduling Order is routinely issued after all defendants have
answered the complaint and/or the court has resolved any motion to dismiss, it is the practice of
this court to construe the term "pretrial motions" as dispositive motions only, e.g., motions for
summary judgment.  However, in the Fresno Division of this court, the prior practice was

---

[1]  In Anaya, the magistrate judge observed:

The undersigned is aware of conflicting decisions at the district court level within
this circuit, see, e.g., Rigsby v. Schriro, 2008 WL 2705376, *1 n.2 (D. Ariz. 2008)
(finding that, where defendant simultaneously filed an answer—asserting the
failure to exhaust defense—and an unenumerated motion to dismiss for failure to
exhaust administrative remedies, such a motion "need not be made before
answering"); Tyner v. Schriro, 2008 WL 752612, *1 n.1 (D.Ariz. 2008) (same);
see also, Thrasher v. Garland, 2007 WL 3012615 *2 (W.D. Wash.2007) (asserting
that, although a motion to dismiss pursuant to the specifically enumerated
grounds of Rule 12(b) should be brought before the answer is filed, a
nonenumerated 12(b) motion "need not necessarily be brought prior to the filing
of the answer."

Anaya v. Campbell, 2011 WL 4458769 at *11.

1   apparently to permit the filing of an unenumerated Rule 12(b) motion through the date

2   authorized for "pretrial dispositive motions."  The Fresno Division amended its scheduling order

3   in prisoner cases approximately five years ago, to explicitly provide different deadlines for filing

4   unenumerated Rule 12(b) motions and dispositive motions.  Prior to that amendment, however,

5   defendants were permitted to "raise the affirmative defense of failure to exhaust . . . by filing a

6   motion on or before the pretrial dispositive motion deadline."  Gomez v. Scribner, 2009 WL

7   2058537, *1 (E.D. Cal. 2009).  The Sacramento Division of this court has not made the same

8   change in its scheduling order.  Thus, based on the literal language of the scheduling order in this

9   action, and the prior practice of the Fresno Division, it was not unreasonable for defense counsel

10   to assume that the pretrial motion deadline included unenumerated Rule 12(b) motions.

11         Moreover, the Ninth Circuit recently affirmed the dismissal of a prisoner action

12   for failure to exhaust administrative remedies, which had been asserted by defendant in a motion

13   for summary judgment.  Albino v. Baca, 2012 WL 4215918 (9th Cir. Sept. 21, 2012).  Although

14   the Court of Appeals emphasized that the district court "should have treated the summary

15   judgment motion as an unenumerated Rule 12(b) motion," and addressed the motion pursuant to

16   that standard (which, in turn, would require a "slightly different standard" of appellate review,

17   id. at *3-4), the court did not address whether defendant's assertion of the affirmative defense

18   was timely or properly contained in a summary judgment motion.  Accord Ritza v. International

19   Longshoremen's, supra, 837 F.2d at 369-70 ("failure to exhaust nonjudicial remedies should be

20   raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment")

21   (citation omitted); see also Gomez v. Scribner, supra, 2009 WL 2058537, *2 (failure to exhaust

22   raised in pretrial statement and motion; additional briefing ordered and matter decided before

23   trial); but see Taylor v. Clark, 2010 WL 3069243, *2-3 (E.D. Cal. 2010), adopted 2010 WL

24   5393533 (E.D. Cal. 2010) (Rule 12(c) motion for judgment on the pleadings, premised on the

25   prisoner's alleged failure to exhaust administrative remedies, deemed inappropriate vehicle

26   because a Rule 12(c) motion "would apply different burdens on the parties and, if granted, would

cause different end results," and thus construed the motion as one pursuant to Rule 12(b), and denied it as "untimely since it must have been 'made before pleading if a responsive pleading is allowed.' Fed. R. Civ. P. 12(b).").

While this overview is by no means exhaustive, it lends support for defense counsel's averment that she acted in good faith. Additionally, defendant asserted in his answer the affirmative defense that "[p]laintiff failed to exhaust applicable administrative remedies." (Dkt. No. 15 at 3.) Good cause having been shown, the order to show cause is discharged. However, counsel is informed that, in the future, a motion to dismiss, pursuant to an unenumerated Rule 12(b) motion, should be filed before an answer. Compliance with this procedure will generally forestall discovery and any disputes thereto, thus conserving judicial resources.

In light of the pendency of defendant Mehta's motion to dismiss, the court will vacate the Discovery and Scheduling Order,[2] and direct plaintiff to file an opposition, or statement of non-opposition to the motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause, filed October 26, 2012 (Dkt. No. 21), is discharged.

2. The Discovery and Scheduling Order, filed July 3, 2012 (Dkt. No. 18), is vacated pending further order of this court.

3. Plaintiff shall, within twenty-one (21) days after service of this order, file and serve an opposition, or statement of non-opposition, to the motion to dismiss filed by defendant Mehta. (See Local Rule 230(l).) Plaintiff is informed to carefully review the "Wyatt Notice" provided by defendant pursuant to his motion (see Dkt. No. 20 at 1-2); this notice sets forth the requirements for opposing a motion to dismiss based on the alleged failure of plaintiff to exhaust his administrative remedies. These requirements are also appended to this order.

---

[2] Although directed to respond, counsel for defendant McAnich has not informed the court of any objections to vacating current deadlines.

1          4.  Defendant Mehta may file and serve a reply within seven (7) days after service

2   of plaintiff's opposition or statement of non-opposition.

3          IT IS SO ORDERED.

4   DATED:  November 16, 2012

5

6

7

8                                    KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE
9

10   tran1494.dsch.osc.vac.dates

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Wyatt Notice to Plaintiff**

      This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.14 (9th Cir. 2003).  The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

      When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies.  A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012).  The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

      To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

      If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed.  If all of your claims against a particular defendant are unexhausted, that defendant will be dismissed from this action.  Should you later exhaust your administrative remedies against the dismissed defendant, you may raise those claims in a new action.