IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUONG TRAN,

    Plaintiff,                      No. 2:11-cv-01494 MCE KJN P

    vs.

DEEPAK METHA, M.D.,
AND JACK McANINCH, M.D.,

    Defendants.                ORDER

_____/

        On October 23, 2012, defendant Mehta filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12, based on the alleged failure of plaintiff to exhaust his administrative remedies against Mehta before bringing this action. (This action also proceeds against defendant McAninch, who did not file a motion to dismiss.) On November 19, 2012, the court informed plaintiff that he then had 21 days to file and serve an opposition to defendant Mehta's motion. (Dkt. No. 23.) That deadline has passed, and plaintiff has not opposed the motion or otherwise communicated with the court.

        Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." In addition, on October 23, 2012, in tandem with the motion to

1

dismiss, defendant Mehta informed plaintiff of the requirements for filing an opposition to the motion, and that failure to oppose the motion may be deemed a waiver of opposition thereto. See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." In the order filed May 1, 2012, plaintiff was advised that failure to comply with the Local Rules may result in a recommendation that this action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days after the filing date of this order, plaintiff shall file an opposition, if any, to defendant Mehta's motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) pending motion granted; (b) this action dismissed against defendant Mehta for lack of prosecution; and (c) this action dismissed against defendant Mehta based on plaintiff's failure to comply with these rules and a court order.

DATED: January 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tran1494.nooppo.kjn