IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUONG TRAN,

      Plaintiff,                        No. 2:11-cv-01494 MCE KJN P

      vs.

DEEPAK METHA, M.D.,
AND JACK McANINCH, M.D.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

      Pending before the court are two dispositive motions that are unopposed by plaintiff. The first, a motion to dismiss filed by defendant Mehta on October 23, 2012 (Dkt. No. 23), remains unopposed despite two orders of this court directing plaintiff to file an opposition or statement of opposition. (See Dkt. Nos. 23, 25.) The extended deadline for filing such opposition was February 7, 2013. The second pending dispositive matter is a motion for summary judgment filed by defendant McAnich on January 11, 2013. (Dkt. No. 26.) Plaintiff's opposition was due within 21 days, Local Rule 230(l), or by February 1, 2013.

      Plaintiff was provided timely notice of the specific requirements for opposing a motion to dismiss, and a motion for summary judgment, respectively. (See Dkt. No. 23 (setting forth requirements for opposing a motion to dismiss for failure to exhaust administrative

1

remedies, pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); and Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.14 (9th Cir. 2003); and Dkt. No. 26 (setting forth requirements for opposing a motion for summary judgment, pursuant to Woods v. Carey, 684 F.3d 934, 936 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).)

Review of the docket indicates that plaintiff has filed no papers in this case since April 18, 2012.  It appears to the undersigned that plaintiff has abandoned this action, and that according plaintiff additional opportunity to respond to the pending motions would be futile.  Each defendant has filed a notice of non-opposition by plaintiff, requesting that the claims against them be dismissed for failure to prosecute.  (Dkt. Nos. 33, 34.)

The Local and Federal Rules of Civil Procedure authorize dismissal of this action at this juncture.  Local Rule 230(l) provides that "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal of this action is also warranted by application of the "Ferdik factors," based on plaintiff failure to comply with the court's orders.  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic alternatives.'"  Id. at

1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Here, as in Ferdik, the first two factors strongly support dismissal.  Plaintiff has not participated in this action for more than ten months, despite the court's orders to do so.  It appears that the court is devoting scarce judicial resources to this litigation despite plaintiff's apparent intent to abandon it.  The third factor, prejudice to defendants, also favors dismissal; continuation of this case, despite plaintiff's failure to participate, requires defendants to expend time and expense without obtaining legal closure.  The fifth factor, availability of less drastic alternatives, favors dismissal, as it appears that giving plaintiff additional notice and time to respond has been futile.  The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal.  However, the undersigned finds, under the present circumstances, that the remaining Ferdik factors outweigh public policy, and thus support dismissal of this action.  Fed. R. Civ. P. 41(b);  Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tran1494.f&r.nooppo